IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,                                    CR No. S-11-227 KJM

      vs.

DAMIAN RASHEED LAW,

      Defendant.

_____/

      This matter came before the court on September 1, 2011 for a non-evidentiary hearing on defendant's motion to suppress. Michael Petrik, Jr. appeared for defendant Damian Rasheed Law; Todd Leras appeared for the government plaintiff.

      At hearing, defense counsel argued that the motion could be decided on the briefs and exhibits alone, without an evidentiary hearing. He asserted that this case is on all fours with the case of *United States v. Parr*, 843 F.2d 1228 (9th Cir. 1988), and that the case of *United States v. Burkett*, 612 F.3d 1103 (9th Cir. 2010) also provides guidance so as to render an evidentiary hearing unnecessary. Counsel in fact "vigorously opposed" such a hearing. Counsel for the government, on the other hand, took the position that an evidentiary hearing would be useful to the court in clarifying the factual record.

/////

1

1    Whether an evidentiary hearing is appropriate rests in the reasoned discretion of
2    the district court. *United States v. Santora,* 600 F.2d 1317, 1320 (9th Cir.), *modified on other*
3    *grounds,* 609 F.2d 433 (1979). An evidentiary hearing on a motion to suppress ordinarily is
4    required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to
5    enable the court to conclude that contested issues of fact going to the validity of the search are
6    in issue. *United States v. Licavoli,* 604 F.2d 613, 621 (9th Cir.1979); *United States v. Walczak*,
7    783 F.2d 852, 857 (9th Cir. 1986). *See also United States v. Batiste*, 868 F.2d 1089, 1091-92
8    (9th Cir. 1989) ("we hold that the district court in the exercise of its discretion may choose to
9    hear live testimony at a probable cause evidentiary hearing rather than rely on the written
10   materials submitted by the parties. . . . The only reason for a rule prohibiting the district court
11   from holding a hearing . . . .would be to save the court time or the parties' time. If the district
12   court, however, believes that it is worth taking the time to hold the hearing, we will not preclude
13   it from doing so."). In this case, the record currently before the court places in issue the facts
14   the court must determine in order to decide the pending motion to suppress. In particular, the
15   court finds it necessary to clarify the facts relating to the timing and reasons for the arrest, and
16   the timing and extent of the canine search, in order to determine whether the motion is resolved
17   by reference to *Parr* and *Burkett*.
18   Accordingly, the court ORDERS the setting of an evidentiary hearing for the
19   taking of testimony from the arresting officer, Officer Bailey; the police cadet accompanying
20   Officer Bailey on the night of defendant's arrest; and the canine officer who responded to
21   Officer Bailey's request for a canine search of defendant's car. Within seven days of the date of
22   this order, counsel shall contact Courtroom Deputy Clerk Casey Schultz to identify a mutually
23   agreeable date for a hearing to be held as promptly as possible.
24   DATED: September 14, 2011.

UNITED STATES DISTRICT JUDGE