UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DAMIAN LAW,<br><br>　　　　　Defendant. | No. 2:11-cr-0227 KJM<br><br><br>ORDER |

Defendant Damian Law, proceeding through counsel, has filed a motion to reduce his sentence based on 18 U.S.C. § 3582(c)(2). ECF No. 101. The government opposes the motion, ECF No. 103, and defendant has filed a reply.

Defendant relies on Amendment 782 to U.S.S.G. § 1B1.10, which became effective November 1, 2014 and lowered by two points the base offense level for most drug trafficking offenses. The Amendment applies retroactively to defendants sentenced prior to its effective date. *See Serrano v. United States*, 2014 WL 6773237 (E.D. Cal. 2014), slip op. at 1. After consideration of the moving papers, the relevant parts of the record, and applicable legal principles, the court hereby denies defendant's motion.

On August 14, 2013, defendant pleaded guilty to possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine and possession of a firearm in furtherance of that drug trafficking crime. ECF

1

Nos. 1, 76. Defendant's plea was in accordance with a Rule 11(c)(1)(C) plea agreement, which provided for a sentence of 130 months, and which the court accepted. ECF No. 76, 78. On November 20, 2013, defendant was sentenced to a total of 130 months in prison. ECF No. 89.

The authority of the district courts to modify a prison sentence is governed by 18 U.S.C. § 3582. In relevant part, that statute provides:

> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

As the Ninth Circuit recognizes, "[t]he Supreme Court has clarified that section 3582(c)(2) requires a two-step inquiry." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2691 (2010)). "First, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G §1B1.10." *Id.* (citing *Dillon*, 130 S.Ct. at 2691). This is done "by '"determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing.' *Dillon*, 130 S. Ct. at 2691 (quoting §1B1.10(b)(1))." *Id.* at 1155 n.3. Generally, §1B1.10 precludes reduction of a term of imprisonment below the minimum of the amended guideline range. U.S.S.G. §1B1.10(b)(2)(A). However, U.S.S.G. §1B1.10(b)(2)(B) authorizes a reduction below the amended guideline range for a defendant whose original sentence was below the applicable guideline range based on substantial assistance to the government.[1]

---

[1] U.S. S.G. § 1B1.10((b)(2)(B) (2014) provides:

> (B) Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined

2

| | |
|---|---|
| 1 | The first question is whether defendant's Rule 11(c)(1)(C) plea agreement, which |
| 2 | the court accepted, precludes the court's exercise of jurisdiction over this motion.  Defendant |
| 3 | contends it does not, *see* ECF No. 101 at 2-4, while the government contends it does, *see* ECF |
| 4 | No. 103 at 4-5.  Both parties rely on *United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016) (en |
| 5 | banc).  In *Davis*, the United States Court of Appeals for the Ninth Circuit held that "'[e]ven when |
| 6 | a defendant enters into an 11(c)(1)(C) agreement, the judge's decision to accept the plea and |
| 7 | impose the recommended sentence is likely to be based on the Guidelines, and when it is, the |
| 8 | defendant should be able to seek § 3582(c)(2) relief.'"  *Davis*, 825 F.2d at 1026 (quoting *Freeman* |
| 9 | *v. United States*, 564 U.S. 522, 534 (2011)).  However, an initial calculation of a Guidelines |
| 10 | sentencing range, without more, does not satisfy the "'based on' requirement" of 18 U.S.C. |
| 11 | § 3582(c)(2).  *United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1045 (9th Cir. 2017). |

Here, the plea agreement provides in relevant part:

> The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 543 U.S. 220 (VI), 125 S. Ct. 738 (2005)) and must take them into account when determining a final sentence.  The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines.  The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range as recommended by the government in this Plea Agreement.  The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, may reject the specific sentence agreement in this Plea Agreement.  If the Court advises the parties of its intent to reject the specific sentence in this Plea Agreement, it must allow either party the opportunity to withdraw from this Plea Agreement.

ECF No. 78 at 6.  The recommended sentence in the plea agreement "takes into consideration that the United States Probation Office may determine that a three-level reduction in the defendant's offense level for his full and clear demonstration of acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1."  *Id*. at 3.  The court's Statement of Reasons (SOR) contains the court's determination of the "advisory guideline range (before departures)."  ECF No. 107 at 1 (sealed).

under subdivision (1) of this subsection may be appropriate.

On the SOR form, the court checked the boxes indicating that in sentencing defendant "[t]he court departs from the advisory guideline range for reasons authorized by the Sentencing Guidelines", and that "[t]he sentence imposed departs below the advisory guideline range as to Count 1." *Id*. at 2.

At sentencing, the court stated that it was "prepared to follow the parties' agreement," which reflected "a slight discount from the term recommended by probation." Reporter's Transcript (RT), ECF No. 93 at 5. The court did not refer to the Guidelines range except to correct a "minor nit" in the presentence report. *Id*. at 5-6. Just prior to imposing sentence, the court reiterated that it was "prepared to be bound by the parties' agreement with respect to the term of incarceration" and it sentenced accordingly. *Id*. at 10-11.[2]

The holding in *Rodriguez-Soriano* controls resolution of this motion. The role of the Guidelines range in this case was limited to the "obligatory calculation" required by the plea agreement. *Rodriguez-Soriano*, 855 F.3d at 1044. Defendant's sentence was not "based on" the Guidelines range; it was based on the agreement of the parties. Accordingly, defendant's motion must be denied.

For the foregoing reasons, IT IS HEREBY ORDERED that defendant Damian Law's motion to reduce sentence, ECF No. 101, is denied.

DATED: March 7, 2018.

                                                          UNITED STATES DISTRICT JUDGE

---

[2] The parties had not agreed on a term of supervised release, and the court followed the recommendation in the presentence report. ECF No. 93 at 11:11-12:4. This factor does not affect the disposition of the present motion.

4