| | |
|---|---|
| 1 | John Balazs, Bar. No. 157287 |
| 2 | Attorney at Law |
| | 916 2nd Street, Suite F |
| 3 | Sacramento, California 95814 |
| | Telephone: (916) 447-9299 |
| 4 | Facsimile: (916) 557-1118 |
| | john@balazslaw.com |
| 5 | |
| | Attorney for Defendant |
| 6 | DAMIAN LAW |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-CR-00227-KJM |
| Plaintiff, | **STIPULATION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| v. | |
| DAMIAN LAW, | RETROACTIVE DRUGS-MINUS-TWO REDUCTION CASE |
| Defendant. | Hon. Kimberly J. Mueller |

Defendant, DAMIAN LAW, by and through his attorney, John Balazs, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Jason Hitt, hereby stipulate as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o);

2. On November 20, 2013, the Court sentenced Mr. Law to 70 months on count 1 (possession with intent to distribute methamphetamine) and a mandatory consecutive 60 months on count 2 (possession of a firearm in furtherance of a drug trafficking offense), for a total sentence of 130 months;

3. The Court found the total offense level on count 1 to be a 27 as follows: a base offense level of 30 for 485.08 grams of methamphetamine and a 3-level reduction for timely

acceptance of responsibility. With a criminal history category II, the Court found the resulting guideline range to be 78-97 months and sentenced Mr. Law to the sentence called for in the parties' Rule 11(c)(1)(C) plea agreement, that is, 70 months, which the Court described as a "slight discount" from the low-end of the range;

4. The sentencing range applicable to Mr. Law was subsequently lowered by the United States Sentencing Commission in Amendment 782, made retroactive on July 18, 2014, *see* 79 Fed. Reg. 44,973;

5. On November 15, 2016, Mr. Law filed a motion to reduce sentence under Guideline Amendment 782 and 18 U.S.C. § 3582(c)(2). Docket 101. Without the benefit of the Supreme Court's recent decision in *Hughes v. United States,* 138 S. Ct. 1765 (2018), the Court initially denied Law's motion to reduce sentence on the ground that he had been sentenced based on a Type-C plea agreement rather than a guideline range that had since been reduced. Docket 108.

6. After Mr. Law appealed, the Supreme Court held in *Hughes* that "in the usual case the court's acceptance of a Type-C agreement and the sentence imposed pursuant to that agreement are 'based on' the defendant's Guideline range" even if the court deviates somewhat from the guideline range as it did in Mr. Law's case. 138 S. Ct. at 1776. In this case, Mr. Law's total offense level has been reduced from 27 to 25, and his amended guideline range on count 1 is now 63-78 months, making him eligible for a sentence reduction under § 3582(c)(2) and the *Hughes* decision to 63 months on count 1.

7. For the reasons set forth in Mr. Law's Supplemental Brief and attachments (docket 121), the parties agree that a sentence of 63 months imprisonment on count 1 is fair and appropriate in light of all the sentencing factors set forth in 18 U.S.C. § 3553(a).

///

///

///

8. Accordingly, the parties request the Court grant Mr. Law's § 3582(c)(2) motion and reduce his term of imprisonment on count 1 from 70 to 63 months, and with the mandatory consecutive 60-month sentence on count 2, to a total sentence of 123 months. The parties also request that the Court vacate the December 3, 2018 hearing.

Respectfully submitted,

Dated: November 28, 2018                    Dated: November 28, 2018

McGREGOR SCOTT
United States Attorney


 /s/ *Jason Hitt*                                    /s/*John Balazs*
JASON HITT                                      JOHN BALAZS
Assistant U.S. Attorney

Attorney for Plaintiff                          Attorney for Defendant
UNITED STATES OF AMERICA            DAMIAN LAW

**ORDER**

This matter came before the Court on the stipulated motion of the defendant for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Law is entitled to the benefit of Amendment 782, which reduces the total offense level on count 1 from 27 to 25, resulting in an amended guideline range of 63 to 78 months. The parties also agree, and the Court finds, that a corresponding reduction in sentence from 70 to 63 months on count 1, for a total sentence of 123 months, is appropriate and fair in light of all the sentencing factors set forth in 18 U.S.C. § 3553(a).

IT IS HEREBY ORDERED that the term of imprisonment imposed in November 2013 is reduced to a term of 63 months on count 1 and, with the consecutive 60-month sentence on count 2, to a total sentence of 123 months. The status conference on December 3, 2018 is VACATED.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence, and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

DATED: November 29, 2018

_____
UNITED STATES DISTRICT JUDGE